[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTIONS FOR ARTICULATION
Counsel for the defendant has filed a motion for articulation regarding the Court's decision transferring custody of the parties' two minor children back to the plaintiff from the defendant.
By decision dated November 30, 1990, and articulated in writing on August 2, 1991, this Court transferred custody of the two minor children from the plaintiff to the defendant. By order dated August 23, 1991, this Court granted joint custody of the two minor children with primary physical custody awarded to the plaintiff. It is that order of CT Page 10357 August 23, 1991 that the defendant has moved for articulation.
In rendering the decision transferring custody of the two minor children back to the plaintiff, this Court considered all of the evidence heard at the various hearings that led to the prior decision of this Court transferring custody from the plaintiff to the defendant of the two minor children on November 30, 1990.
In rendering the decision of August 23, 1991, transferring custody of the two minor children from the defendant to the plaintiff, this Court has considered the best interests of the children and has further considered the fact that the plaintiff had the burden to prove a substantial change in circumstances because at the time this Court transferred custody of the two minor children from the plaintiff to the defendant (November 30, 1990), evidence was taken concerning the best interests of the children. Cookson v. Cookson, 201 Conn. 229, 231 n. 1 (1986).
The threshold issue before the Court is whether the plaintiff has met her burden of proving a substantial change in circumstances between November 30, 1990 and August 2, 1991. As of the date of the initial decision of this Court, on November 30, 1990, the plaintiff was still married to her husband, the stepfather of the two boys, who had abused both boys. Further, as of November 30, 1990, neither of the boys had stated any preference as to whose custody they would prefer to be in, both boys had considerable fear of their stepfather, both boys had fears of living with the plaintiff, and neither of the boys had felt able to confide in the plaintiff regarding the abuse that had been occurring.
As of August 23, 1991, the plaintiff had divorced the stepfather of the two boys. Further, this Court interviewed both boys at the request of counsel for the plaintiff, counsel for the defendant, and counsel for the minor children. All three counsel were present during the interview, as was the court reporter. As a result of that interview, this Court finds that both boys have stated a preference to be in the custody of their mother, neither of the boys have any present fear of their stepfather, neither of the boys have fears of living with their mother, and both boys feel they could confide in their mother regarding any type of problem that may occur in their life.
Based on the above findings, this Court finds that the plaintiff has met her burden of proving a substantial change in circumstances. CT Page 10358
In determining what is in the best interest of the boys, this Court has the benefit of the report and testimony of Robert D. Meier, Ph.D., a licensed psychologist.
It was Dr. Meier's opinion that given the factors assessed in his evaluation, including the psychological status of the parents, the emotional and psychological status of the children, the emotional needs of the children, the children's superior ability level, and the views expressed by the children, that it would be in the best interest of the children that mother have custody. In addition, this Court interviewed the children, and in accordance with Section 46b-56, has given consideration to the wishes of each child.
Based on the report and testimony of Dr. Meier and on the interview with each child, this Court concluded that the environment that would secure the best interest of the children is the environment of the plaintiff. The plaintiff had met the burden of proving by a fair preponderance of the evidence that a transfer of custody back to her is in the best interest of the children and this Court accordingly granted joint custody of the children to the parties with primary physical custody to the plaintiff.
This Court is aware of the fact that the defendant and his wife were able to guide the children through an extremely difficult period of time in their life during the period of time that the children were in the custody of the defendant. This Court is also aware of the fact that both children expressed their love for the defendant. Similarly, both children expressed their love for the plaintiff.
It was based primarily on the testimony of Dr. Meier and the interview with both boys that the Court transferred custody of the parties' minor children to the plaintiff from the defendant.
AXELROD, J.